UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

_____

In re:

    CREATIVE FOODS, LLC                           Case No. 07-10043
    OSCEOLA FOODS, INC.                            Case No. 07-10044

             Debtors.                                   Chapter 11
                                                       JOINTLY ADMINISTERED

_____

**ORDER APPROVING SALE OUTSIDE ORDINARY
COURSE OF BUSINESS PURSUANT TO 11 U.S.C. § 363, AND APPROVING
ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND
EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365**

_____

       This matter came to be heard on April 2, 2007 upon the motion of Creative Foods, LLC, and Osceola Foods, Inc, debtors-in-possession, (hereafter collectively the "Debtors"), for an order authorizing the Debtors to (i) sell substantially all of the Debtors' assets to Kagome, Inc. ("Purchaser" or "Kagome, Inc.") and assume and assign certain executory contracts and unexpired leases to the Purchaser, pursuant to 11 U.S.C. § 365, upon the testimony heard by the Court at the hearing on the motion. Based upon the proof tendered to the Court and the entire record herein, the Court finds that notice of the motion and the hearing thereon was sufficient and in accordance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules and that good cause exists to grant the relief requested in the motion and that the sale of the Debtors' assets to Purchaser is in the best interests of the Debtors' estates and their creditors and makes the following findings of fact and conclusions of law and enters the following orders:

–1–

EOD BY AR 4/3/07

1.     The Debtors filed this case under Chapter 11 of the Bankruptcy Code on January 3, 2007, (the "Petition Date"). The Debtors are engaged in the manufacture, distribution and sale of food products (the *"Business"*) to customers throughout the United States. The Debtors own and/or operate manufacturing facilities in Osceola and Blytheville, Arkansas.

2.     On February 15, 2007, the Court entered its Order Granting Debtors' Emergency Motion for an Order (A) Establishing Bidding Procedures In Connection with Solicitation of Offers for the Sale of Substantially All Assets (B) Approving Form, Manner, Scope and Substance of Notice Thereof; and (C) Establishing Time and Date of Sale Hearing and Objection Deadline (the "Bid Procedures Order").  Pursuant to the Bid Procedures Order, the Debtors selected Kagome, Inc. as the Stalking Horse Bidder.  On April 2, 2007, an auction was held pursuant to the Bid Procedures Order. At the auction, the bid of Kagome, Inc. of Nine Million Six Hundred Thousand and no/100 dollars ($9,600,000.00) was selected as the highest and best bid and the bid of C.F. Sauer Company of Nine Million Five Hundred Fifty Thousand and no/100 dollars ($9,550,000.00) was selected as the backup bid.

3.     Based upon the evidence tendered, the Court finds Debtors have articulated reasonable, proper and prudent business judgment and have demonstrated good faith for entering into the Asset Purchase Agreement, dated March 13, 2007 (the "Agreement" ), a copy of which is attached as Exhibit A to the Debtors' motion, as modified at the auction to provide for a dollar-for-dollar adjustment, up or down, based upon changes in the book value of inventory and accounts receivable fixed on the date of the auction and through the closing date.  All capitalized terms used herein shall have the meanings ascribed to them in the Agreement, unless otherwise expressly defined herein.  The Court finds that sound business reasons exist for an immediate

sale of the Purchased Assets and that a prompt sale of the Debtors' assets pursuant to the Agreement is required if the Debtors and their respective estates are to obtain significant value from said assets. Consummation of the sale will result in the maximization of the value of the Debtors' estates preserving much, if not all of, the going concern value of the Debtors' assets. The Court further finds that approval of the sale is in the best interests of the Debtor's estates and the creditors and, after consideration of all salient factors, there are good and sufficient business justifications for the sale contemplated by the motion, outside the context of a plan of reorganization, and that the required standard of a sound business purpose as set forth in *Stephens Industries, Inc. v. McClung,* 789 F. 2d 386 (6th Cir. 1986), has been established. The immediate sale of the Debtors' Business is essential for the Debtors to realize significant value for its assets. The Court further finds that, based upon the record, the sale of the Purchased Assets is authorized pursuant to the provisions of 11 U.S.C. §363(f)(1)(2) and (5).

4.  The Debtors are parties to various unexpired real estate and equipment leases set forth on Schedule 2.1(e) to the Agreement, as amended, which will be deemed assumed and assigned to Purchaser at Closing. The Court finds that the Debtors have cured, or alternatively, have provided adequate assurance that they will promptly cure at or before the Closing, the defaults of all executory contracts and unexpired contracts listed on Schedule 2.1(e) under the Agreement. The Court finds that adequate assurance of future performance under the assumed and assigned contracts and leases has been provided by the Purchaser. The Debtors' assumption and assignment of leases to Purchaser pursuant to 11 U.S.C. § 365, the Agreement and this Order is contingent upon Closing of the Agreement and that, in the event no Closing takes place, the time within which the Debtors may assume or reject such unexpired leases and executory

contracts is extended until confirmation of plan of reorganization or, in the case of an unexpired lease of non-residential real property, until August 1 2007.

    5.    Based upon the evidence tendered and upon the entire record as a whole, a notice of hearing on the motion in a proper and sufficient form was reasonably served on all creditors another parties in interest in accordance with the Bankruptcy Code and Bankruptcy Rules and a certificate of mailing has been made a part of the court records. The court finds that no further notice to creditors is necessary.

    6.    All objections to this motion have either been withdrawn or are hereby overruled.

    7.    The Purchase Price represents fair and reasonable consideration for the Purchased Assets.

    8.    The approval and consummation of the Agreement is in the best interests of the Debtors and their respective estates and creditors.

    9.    The Agreement, and all exhibits, and schedules thereto were negotiated at arm's length and in good faith, and there is no evidence of the existence of an agreement among potential bidders.

    10.    Kagome, Inc. is the highest and best bidder for the Assets and the C.F. Sauer Company is the highest and best backup bid and both are good faith purchasers and lessees for value and are entitled to the protections of § 363(m) of the Bankruptcy Code.

    11.    The Debtors have obtained all approvals and met all conditions under current applicable non-bankruptcy law to enter into and consummate the Agreement.

    12.    The Agreement is approved and the Debtors, as debtors-in-possession, are authorized to enter into the Agreement and to perform all of their obligations under the Agreement.

13. The Debtors and their representative, S. Mart Massey, are authorized to execute, deliver, file, and record all such documents and take all such actions as may be necessary and appropriate to implement the Agreement.

14. The Debtors are authorized and empowered to sell, convey, transfer and deliver the Purchased Assets to the Purchaser, free and clear of all encumbrances on the Debtors' interests therein and upon Closing the Purchaser shall acquire the Purchased Assets free and clear of all Encumbrances and the Assumed Contracts assumed and assigned as set forth in Schedule 2.1(e) to the Agreement, free and clear of all defaults, covenants, duties, liabilities and obligations existing or accruing thereunder prior to the Closing Date except as to the Debtors' obligations to cure defaults as provided in the statements of cure with respect to those leases being assumed and assigned as set forth in Schedule 2.1(e) to the Agreement, as modified. Subject to Section 15 below, all Encumbrances shall attach to proceeds of sale. Purchaser shall have up until the closing to determine which Assumed Contracts it will assume.

15. Subject to the provisions of the Court's order approving use of cash collateral the proceeds of sale shall be subject to and impressed with the duly perfected first priority security interests and liens of FTB, and the net proceeds, after payment of regular and customary closing costs, including compensation and expenses owed to Equity Partners, Inc., and any amounts required to be paid pursuant to the Agreement, shall at closing be paid to FTB. The Debtors' cash and cash equivalents are Excluded Assets pursuant to the Agreement and shall be paid at closing to FTB.

16. Purchaser shall not be deemed the successor to the Debtors and, except as expressly provided in the Agreement, shall not be responsible for any of the Debtors' liabilities or obligations.

–5–

17. This Order is a final and appealable order as to which there is no just reason for delay in its implementation, as to which a judgment should be entered immediately and that, for purposes of F.R.B.P. 7062, is an order authorizing sale of property of the estate under 11 U.S.C. § 363 and authorizing the assumption and assignment of unexpired leases and executory contracts under 11 U.S.C. § 365.

18. Reversal or modification of this Order on appeal shall not affect the validity of the sale authorized by this Order unless this Order has been stayed pending such appeal after posting of a bond in an amount equal to the Purchase Price under the Agreement pursuant to F.R.B.P. Rule 8005.

19. The Court shall retain jurisdiction over any and all disputes, claims or causes of action arising between the parties under the Agreement.

20. The recordation of this Order along with any Deed by either Debtor conveying real estate to the Purchaser shall constitute a release of all liens of record on such real estate as of the date of such Deed.

21. The stay created pursuant to F.R.B.P. Rule 6004(h) shall not be applicable to this Order.

22. The transfer of the Assets to Kagome, Inc. or the C.F. Sauer Company, is deemed to be part of a plan pursuant to Section 1146(c) of the Bankruptcy Code and does not and will not subject the Debtors or Kagome, Inc. or the C.F. Sauer Company, or their affiliates or designees to any liability for a stamp tax or similar tax, including, without limitation, any transfer tax, or pursuant to any so-called bulk transfer law, to the fullest extent permitted by Section 1146(c) of the Bankruptcy Code. All filing officers shall be, and they hereby are, directed to accept for recording or

filing, and to record or file those documents by which the assets will be assigned and conveyed that are intended to be recorded or filed and that are presented to them for recording or filing, immediately upon presentation thereof, without payment of such taxes, and all recording officers are hereby directed to comply with the provisions of this Order.

    IT IS SO ORDERED.

_/s/ Audrey R. Evans_
HONORABLE AUDREY R. EVANS
UNITED STATES BANKRUPTCY JUDGE

DATED   April 3, 2007

APPROVED:

FARRIS MATHEWS BRANAN
BOBANGO HELLEN & DUNLAP, PLC


By:   /s/ Michael P. Coury
      Michael P. Coury (TN 7002)
      James E. Bailey III (AR 94089 / TN 015979)
      One Commerce Square, Suite 2000
      Memphis, TN 38103
      (901) 259-7100
      Attorneys for Debtors


BASS BERRY & SIMS PLC

By:/s/ Stephen W. Ragland
      Stephen W. Ragland
      Kristen C. Wright
      Suite 900, 100 Peabody Place
      Memphis, TN 38103
      (901) 543-5900

UNITED STATES TRUSTEE

By:/s/ Patti J. Stanley
       Patti J. Stanley
200 West Capitol
Suite 1200
Little Rock , AR 72201


WARNER STEVENS LLP

By: /s/ David T. Cohen
301 Commerce Street,
Suite 1700
Ft. Worth, TX 76102

HARRIS JERNIGAN & GENO, PLLC

/s/ Craig M. Geno

587 Highland Colony Parkway
P.O. Box 3380
Ridgeland, MS 39158


Mailing list: Serve all parties on matrix

**G:\DATA\MPC\CREATIVE FOODS\CHAPTER 11\EQUITY PARTNERS\ORDER APPROVING SALE DRAFT.DOC**

.1